# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, #M04196, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | Case No. 18−cv−00957−JPG ) ) |
| TRAVIS J. ALLEN, JAMES MOUNT, BONNIE MAY, and CHERYL BROWN, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Steven Murphy, who is currently incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Plaintiff was denied medical treatment for his fractured foot and ankle during his detention at Jefferson County Jail in 2016. (Doc. 1, pp. 5-6). His injuries did not heal properly and resulted in constant pain and a loss of mobility. *Id*. He brings this action against those Jefferson County officials who allegedly denied him medical care for his injuries at the Jail, including Travis Allen (sheriff), James Mount (captain and jail administrator), Bonnie May (lieutenant), and Cheryl Brown (nurse). (Doc. 1, pp. 1-2). He seeks monetary damages and treatment with a specialist. (Doc. 1, p. 7).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which

1

> a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

## The Complaint

During his detention at Jefferson County Jail ("Jail") in 2016, Plaintiff was involved in a physical altercation with another inmate. (Doc. 1, p. 5). Both inmates were injured. *Id*. Plaintiff suffered from a fractured foot and ankle, and the other inmate sustained an injury to his eye and face. *Id*.

Officer Conway sent the other inmate to an outside hospital for treatment and placed Plaintiff in segregation. (Doc. 1, p. 5). Plaintiff was initially placed in a cell with no running water. *Id*. He complained about this for "over a[n] hour or two" and was moved to a different cell. *Id*. Plaintiff requested medical treatment during the transfer, but his request was denied. *Id*.

On May 24, 2016, Plaintiff met with Nurse Brown. (Doc. 1, p. 5). She scheduled an x-ray, which confirmed that his foot and ankle were fractured. (Doc. 1, pp. 5-6). The nurse gave Plaintiff a single ace bandage, pain medication, and ice. (Doc. 1, p. 5).

He was then moved to the mental health/medical unit. (Doc. 1, p. 6). During his first night there, Plaintiff could not sleep. *Id*. Inmates with mental health problems kicked the walls and screamed during the night. *Id*. The following morning, Plaintiff complained about the conditions to Captain Mount and Nurse Brown. *Id*. He was transferred back to segregation and remained there for three months. *Id*. Plaintiff considered this was unfair because he did not start the fight that led to his placement in segregation. *Id*.

Several days after being transferred back to segregation, he was scheduled for an appointment with an orthopedic specialist. (Doc. 1, p. 6). It was unclear whether surgery would be necessary to repair his foot and ankle injuries. *Id*. Plaintiff never found out. *Id*.

On June 2, 2016, Captain Mount and Lieutenant May cancelled the appointment. (Doc. 1, p. 6). Plaintiff and his defense attorney wrote several grievances and letters to Sheriff Allen and Captain Mount to complain about the cancelled appointment. *Id*. Captain Mount responded to Plaintiff's attorney in writing, stating that the appointment would be rescheduled. *Id*. It wasn't. *Id*. Plaintiff continued writing grievances to Sheriff Allen on the Jail's kiosk machine, to no avail. *Id*.

Because Plaintiff was denied timely and adequate medical treatment for his fractured foot and ankle, the injuries healed improperly. (Doc. 1, p. 6). Plaintiff allegedly suffers from constant pain. *Id*. He can no longer perform activities that he used to enjoy, like playing basketball, running, and "other things." *Id*. He seeks a referral to an outside specialist for further treatment, as well as monetary damages from the defendants. (Doc. 1, p. 7).

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

**Count 1 -** Claim for denial of adequate medical care against the defendants based on their failure to treat Plaintiff's fracture foot and ankle at the Jail in 2016.

**Count 2 -** Claim for unconstitutional conditions of confinement against the defendants for placing Plaintiff in a cell that lacked running water for several hours and for placing him in a noisy cell in the medical/mental health unit for a single night at the Jail in 2016.

**Count 3 -** Claim for deprivation of a liberty interest without due process of law against the defendants who placed Plaintiff in segregation for three months following his altercation with a fellow inmate at the Jail in 2016.

**Count 4 -** Claim for the denial of due process based on the defendants' failure to respond to Plaintiff's grievances seeking medical treatment for his fractured foot and ankle in 2016.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.**

**Count 1**

Plaintiff's claim in Count 1 against the defendants for the denial of adequate medical care survives preliminary review. The applicable legal standard for this claim is unclear because Plaintiff did not indicate whether he was a pretrial detainee or prisoner on the date his claims arose. Plaintiff's status can be sorted out in time, as it does not impact the success (or lack

thereof) of any claims in this screening order.

Claims brought by pretrial detainees for unconstitutional conditions of confinement, including medical care, are governed by the Fourteenth Amendment Due Process Clause, which proscribes "punishment." *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citations omitted)). When these claims are brought by prisoners, the Eighth Amendment applies. The Eighth Amendment protects prisoners from "cruel and unusual" punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Seventh Circuit has frequently said that the protections afforded by these constitutional amendments are "functionally indistinguishable" in the context of a claim about inadequate medical care. *See Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013); *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). However, the United States Supreme Court's decision in *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466 (2015), has called this characterization into question. In *Kingsley*, the Supreme Court applied a purely objective standard to a detainee's excessive force claim without regard to a subjective component. *See Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). The Seventh Circuit has not decided whether the reasoning in *Kingsley* extends beyond claims of excessive force to claims for unconstitutional conditions of confinement, including medical care. *See Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. Dec. 29, 2017) (citing *Collins*, 851 F.3d at 731; *but see Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (applying objective-reasonableness standard to detainee's conditions-of-confinement claim); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (same with failure-to-protect claim)). However, this question is not one that must be resolved for purposes of this screening order. Plaintiff's inadequate medical care claim survives review under both standards, including the more demanding Eighth Amendment standard.

The Eighth Amendment safeguards prisoners against a lack of medical care that may result in pain and suffering that serves no penological purpose. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). To state a claim, a prisoner must show that (1) his medical need was sufficiently serious (an objective standard), and (2) state officials acted with deliberate indifference to the prisoner's health or safety (a subjective standard). *Farmer v. Brennan*, 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The injuries that Plaintiff describes in the Complaint satisfy the objective component of this claim for screening purposes. He describes a fractured foot and ankle. (Doc. 1, pp. 5-6). The Seventh Circuit has found that similar injuries support a constitutional claim. *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (dislocated thumb, torn ligament, and gaping wound); *Edwards v. Snyder*, 478 F.3d 827 (7th Cir. 2007) (dislocated finger); *Duncan v. Duckworth*, 644 F.2d 653, 653 (7th Cir. 1984) (broken wrist). *See also Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (even if far from being life-threatening, medical condition is sufficiently serious to support Eighth Amendment claim if denial of medical care would result in needless pain and suffering)).

The allegations also suggest that the defendants responded to Plaintiff's medical needs with deliberate indifference. Prison officials exhibit deliberate indifference when they "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and by "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). Negligence, or even gross negligence, does not support a deliberate indifference claim. *Id.*

The Complaint satisfies the subjective component of this claim against Nurse Brown. The allegations clearly suggest that the nurse was aware of Plaintiff's injuries. (Doc. 1, pp. 5-6). Plaintiff met with the nurse on May 24, 2016, and she ordered the x-ray that confirmed his foot and ankle fractures. *Id*. She provided Plaintiff with an ace bandage, pain medicine, and ice, but nothing more. *Id*. Whether her conduct amounts to deliberate indifference remains to be seen. *See Greeno*, 414 F.3d at 655 (noting that persistence in a course of treatment "known to be ineffective" violates the Eighth Amendment); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (stating that "medical personnel cannot simply resort to an easier course of treatment that they know is ineffective"). At this stage, the Court finds that the allegations support a medical needs claim, regardless of Plaintiff's status as a prisoner or pretrial detainee at the time he was denied medical treatment. Accordingly, Count 1 shall receive further review against Nurse Brown in her individual capacity.

The claim also survives screening against Lieutenant May, Captain Mount, and Sheriff Allen. Captain Mount and Lieutenant May cancelled Plaintiff's appointment with an orthopedic specialist on June 2, 2016. (Doc. 1, p. 6). Despite Plaintiff's (and his attorney's) written requests for an appointment directed to these defendants and Sheriff Allen, the appointment was never rescheduled. *Id*. At the same time, Plaintiff endured constant pain and a loss of mobility from fractures that healed improperly. *Id*. Count 1 shall also receive further review against Lieutenant May, Captain Mount, and Sheriff Allen.

**Count 2**

The claim of unconstitutional conditions of confinement in Count 2 does not pass muster under the Fourteenth or Eighth Amendment. Plaintiff complains that he was placed in a prison

cell that lacked running water by Officer Conway[1] and in a medical unit cell that also housed mentally ill and/or loud inmates by Nurse Brown and/or Captain Mount. (Doc. 1, pp. 5-6). However, he remained in both cells for a short period of time, ranging from a few hours to a single night. *Id*. When he complained, Plaintiff was quickly moved. *Id*. The deprivation described in the Complaint was only temporary, and temporary discomforts are generally insufficient to support a constitutional claim. *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994) (citing *Harris v. Flemming*, 839 F.2d 1232, 1234-46 (7th Cir. 1988)). Further, Plaintiff's complaint was addressed promptly and reasonably. Count 2 fails to state a claim for relief against the defendants and shall therefore be dismissed without prejudice.

## Count 3

Count 3 arises from Plaintiff's claim that he was placed in segregation for a fight he did not start. The Fourteenth Amendment protects against the deprivation of a protected liberty interest without due process of law. However, the Constitution "does not create an interest in avoiding transfer[s] within a correctional facility," even into segregation. *Townsend v. Fuchs*, 522 F.3d 765, 771-72 (7th Cir. 2008) (citing *Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005); *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). *See also Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995); *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Segregation gives rise to a protected liberty interest under very limited circumstances. *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Only where an inmate is confined under conditions

---

[1] Officer Conway is not named as a defendant in the case caption of the Complaint. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

imposing an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" will a protected liberty interest arise and trigger the right to due process of law. *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). When making this determination, courts consider two factors: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)). In connection with this claim, Plaintiff fails to identify the individual who made the decision to place him in segregation. He complains of no due process violation in connection with this decision. He also does not complain of any conditions he faced there. Count 3 shall therefore be dismissed without prejudice for failure to state a claim.

## Count 4

Plaintiff's claim in Count 4 regarding the mishandling of his grievances must also be dismissed. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Count 4 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Injunctive Relief

The Court construes Plaintiff's request for medical treatment as a request for injunctive relief. Plaintiff is no longer detained at the Jail. At the time he filed this action, Plaintiff was incarcerated at Menard Correctional Center. Any request for a referral to an outside specialist should be directed to officials at Menard, and any denial of the request that gives rise to a constitutional claim may be addressed in a separate action.

However, given that Plaintiff does not mention any chance of returning to the Jail, his request for injunctive relief as it pertains to the defendants *in this case* appears to be moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Jail under the conditions described in the Complaint would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). The request for injunctive relief is **DENIED** without prejudice.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **TRAVIS J. ALLEN, JAMES MOUNT, BONNIE MAY,** and **CHERYL BROWN** in their individual capacities only. No official capacity claim against these defendants is asserted

in the Complaint.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice against the defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 4** is **DISMISSED** with prejudice against the defendants for failure to state a claim upon which relief may be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **TRAVIS J. ALLEN, JAMES MOUNT, BONNIE MAY,** and **CHERYL BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel. Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* F<span style="font-variant:small-caps">ed</span>. R. C<span style="font-variant:small-caps">iv</span>. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2018**

s/J. Phil Gilbert<br>
**United States District Judge**